IN THE CIRCUIT COURT OF MARION COUNTY, ARKANSAS

CIVIL DIVISION

| NICHOLAS KNOPICK, Plaintiff, v. COLUMBIA INSURANCE GROUP Defendant | CASE NO: 2015-96-4 FILED FOR RECORD at 2:11 o'clock P M AUG 21 2015 Dee Carleton Marion County Clerk D.C. |
|---|---|

## COMPLAINT

NOW COMES Plaintiff, Nicholas Knopick ("Knopick"), and as its Complaint for Declaratory Judgment against Defendant Columbia Insurance Group, alleges, states, and avers:

1. Plaintiff, Nicholas Knopick, is and at all times relevant hereto was a resident of Baxter County, Arkansas.

2. Defendant Columbia Insurance Group, is a corporation organized and existing under the laws of Missouri with its principal place of business located at 2102 White Gate Drive, PO Box 618, Columbia, Missouri 65205.

3. Columbia issued Policy No. BOPAR56712 effective from February 27, 2010 to February 27, 2011 to Plaintiff covering Plaintiff's hardware store located at 740 Central Blvd., Bull Shoals, AR (misidentified in the Policy at 940 Central Blvd). A true and correct copy of the Policy is attached hereto as Exhibit A.

4. The actions complained of herein occurred in Marion County Arkansas.

1



EXHIBIT A

5. The Policy contains the following insuring agreement:

Section I- Property A. Coverage:

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

   1. Covered Property

      Covered Property includes . . . Business Personal Property as described under paragraph b. below. . . depending on whether a Limit of Insurance is shown in the Declarations for that type of property.

         \* \* \*

   b. Business Personal Property located in or on the buildings at the described premises on or in the open (or in a vehicle) within a 100 feet of the described premises, including:

      (1) Property you own that is used in your business. . . .

6. Covered Cause of Loss is defined in Section I.A.3. as "Risk of direct physical loss unless the loss is a. Excluded in Paragraph B. Exclusions in Section I; or b.Limited in Paragraph 4. Limitations in Section I."

7. The Declarations provide for coverage at Plaintiff's hardware store located at 740 Central Blvd, Bull Shoals, AR 72619 (Improperly identified in the Policy as 940 Central Blvd.) in the amount of $780,000 for the building and $104,000 for the Business Personal Property.

## THE INCIDENT OF LOSS

8. On August 23, 2010, a number of people including but not limited to Michael Breedlove, Jody Breedlove, Bruce Broskovac, Brad Broskovac, John Stouffer, Doreen Brown, Jim Johnson, Ed Lloyd and Penny Lloyd gained unlawful access to the hardware store and removed substantial amounts of the Business Personal Property from the premises.

9. The incident was reported by the Marion County Sheriff's Department and was also observed by the City of Bull Sholes police and by Mr. Knopick, among others. A true and

correct copy of the Marion County Sheriff's Department Incident Report dated August 23, 2010 is attached hereto as Exhibit B ("Sheriff's Incident Report").

10. While the Incident Report suggests that the items taken belonged to others, in fact, the items taken belonged to Plaintiff and constituted Business Personal Property under the Policy.

## THE CLAIM DENIAL

11. After the claim was submitted to Defendant for Plaintiff's loss of the Business Personal Property, on September 26, 2013, Defendant's counsel wrote a letter to Plaintiff's counsel denying the claim.

12. Defendant's denial of the claim was based upon, among other things, Section I, Paragraph A, Subsection 4.a.3:

> 4. Limitations
>    a. We will not pay for loss of or damage to:
>    * * *
>    (3) Property that is missing, where the only evidence of the loss or damage is a shortage disclosed on taking inventory or other instances where there is no physical evidence to show what happened to the property. . . .

13. Defendant also denied coverage based upon a Policy exclusion set forth at Section I, paragraph B, subsection 2:

> B. Exclusions
>    * * *
>    2. We will not pay for loss or damage cause by or resulting from any of the following:
>    * * *
>       f. Dishonesty

3

> Dishonest or criminal acts by you, anyone else with an interest in the property, or any of your or their partners, "members", officers, "managers", employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose:
>
> (1) Acting alone or in collusion with others; or
> (2) Whether or not occurring during the hours of employment
>
> This exclusion does not apply to acts of destruction by your employees; but theft by employees is not covered.
>
> With respect to accounts receivable and "valuable papers and records", this exclusion does not apply to carriers for hire.
>
> This exclusion does not apply to coverage that is provided under the Employee Dishonesty Optional Coverage.

14. According to Defendant's analysis, because Plaintiff claimed the items were taken by or under the control of Mr. Breedlove, who had previously been a lessor of Plaintiff, the "Dishonesty" exclusion applied.

15. Defendant's analysis also rejected Plaintiff's attempt to quantify the loss through inventory and other financial analysis, stating "The inventory performed by RGIS and the calculations made by Mr. Knopick provide the only evidence of the alleged loss."

16. In fact, because Plaintiff had terminated any relationship with Mr. Breedlove as of August 10, 2013, the "Dishonesty" exclusion would not apply.

17. Further, the observations of witnesses as to the incident brings the claim outside of the "Limitation" for physical manifestation of loss.

## COUNT I

## BREACH OF CONTACT

18. Plaintiff hereby restates and realleges the allegations contained in paragraphs 1 through 17 of this Complaint as if set forth word for word herein.

19. The Policy constitutes a binding contract between Plaintiff and Defendant.

20. Plaintiff paid all premiums and performed all obligations required under the Policy, except for those conditions which have been prevented or otherwise excused by the conduct of Defendant.

21. Defendant's denial of Plaintiff's claim for the loss of his Business Personal Property constitutes a material breach of Defendant's contractual requirements.

22. Defendant's breach of contract has proximately caused Plaintiff damages.

Wherefore, Plaintiff prays that they be granted Judgment for Compensatory Damages against the Defendant, in an amount in excess of $75,000 for breach of contract, with interest, costs and fees, and such other and further relief as this Court deems just and proper.

## COUNT II

### BREACH OF THE IMPLIED COVENANT
### OF GOOD FAITH AND FAIR DEALING

23. Plaintiff hereby restates and realleges the allegations contained in paragraphs 1 through 22 of this Complaint as if set forth word for word herein.

24. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. The duty is an implied promise between the parties that they will exercise good faith in performing their obligations under the contract.

25. The Defendant, by its acts alleged above, have violated the implied covenant of good faith and fair dealing. As a result of Defendant's lack of good faith and fair dealing to fulfill their obligations under the contract, the Plaintiff has sustained damages as described above.

Wherefore, Plaintiff prays that he be granted Judgment for Compensatory Damages against the Defendant, in an amount in excess of $75,000 for breach of contract, with interest, costs and fees, and such other and further relief as this Court deems just and proper.

                                                Respectfully Submitted

                                                Nicholas Knopick

BY: _____
        Jodi G. Carney
        CARNEY LAW FIRM, P.A.
        511 Main Street
        Mountain Home, AR 72653
        (870) 425-6354 Telephone
        (870) 425-5451 Facsimile
        AR BAR NO. 94212